# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 18, 2019

159323

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

FUAD FAROUK SHEENA,
     Defendant-Appellant.

_____/

SC: 159323
COA: 339953
Oakland CC: 2011-237051-FC

On order of the Court, the application for leave to appeal the January 24, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

BERNSTEIN, J. (*dissenting*).

I respectfully dissent. I would have granted defendant's application for leave to appeal to determine whether trial counsel was ineffective for failing to pursue an insanity defense. Two doctors performed psychological evaluations of defendant and concluded that defendant was not legally insane. But the doctors disagreed about whether the defendant had a "mental illness," and even the doctor who concluded defendant did not was equivocal. Further, both the doctors recognized that defendant had significant mental health issues and sometimes could not understand the consequences of his actions.

Under Michigan's statute governing the insanity defense, a defendant is considered legally insane if, "as a result of mental illness," he "lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his . . . conduct or to conform his . . . conduct to the requirements of the law." MCL 768.21a(1). In my view, the doctors' conclusions regarding legal insanity were contrary to the plain language of MCL 768.21a(1), and defendant presents a reasonable argument that despite these conclusions, trial counsel should have further investigated whether an insanity defense should have been presented.

MCCORMACK, C.J. and CAVANAGH, J., join the statement of BERNSTEIN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 18, 2019



a1015

Clerk